857 So.2d 341 (2003)
David HIGGINBOTHAM, Appellant,
v.
Marianne HIGGINBOTHAM n/k/a Marianne Vacchio, Appellee.
No. 2D02-3834.
District Court of Appeal of Florida, Second District.
October 17, 2003.
*342 David J. Migneault, Punta Gorda, for Appellant.
Connie Schider, Punta Gorda, for Appellee.
WHATLEY, Judge.
We affirm the decision of the trial court in this matter but write on areas that otherwise cause us concern.
Dissolution of marriage cases are fraught with anxiety, emotion, and uncertainty. This case involves a seven-year marriage with three minor children. The issues were neither complex nor voluminous.
This court has previously expressed concern about parties spending limited resources that are otherwise needed for the welfare of the children. See Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991). Here, the trial court[1] signed a stipulated order appointing a licensed psychologist to perform a parenting assessment, pursuant to section 61.20, Florida Statutes (2002). See Fla. Fam. L.R.P. 12.363. The psychologist selected was from Manatee County. The Husband's gross monthly income was $5446 including overtime, and the Wife's gross monthly income was $1560. The assets of the parties were modest. The cost of the twenty-nine-page parenting assessment was $20,000. Scant mention was made of the assessment in the amended final judgment.
If a judicial system is trying to reach a child placement decision in the best interest of the child, it is difficult to grasp how it is in the best interest of the child to deplete the resources of the family to this extent. The concept should be to devise a more cost-effective way of doing a parenting assessment or fashion a court order that would set a financial cap on the amount to be expended, with appropriate directions to the party performing the assessment. The expert, without guidance from the court, may feel compelled to perform an array of tests not otherwise necessary. In fact, the parenting assessment in question delineated that fourteen psychological tests were performed regarding the parents and seven psychological tests were performed regarding two of the parties' three children.
The cost of the parenting assessment here was 24% of the parties' combined gross annual income and 100% of the parties' net worth as reflected on the Husband's financial affidavit.
Affirmed.
ALTENBERND, C.J., and STRINGER, J., concur.
NOTES
[1] Judge Steinbeck was not the judge assigned to the case when the order in question was entered.